UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:08-cr-00014-JPH-CMM |
| | ) | |
| JEREMIAH CORBIN, | ) -08 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**I.**

Defendant filed a pro se motion that the Court construed as a Motion for Compassionate Release pursuant to Section 603 of the First Step Act of 2018 (the "First Step Act"). Counsel has appeared on behalf of Defendant.

**II.**

Pending counsel's review and analysis of Defendant's eligibility for compassionate release pursuant to the First Step Act of 2018, and to allow counsel to communicate with Defendant regarding the attorney-client relationship, this matter is stayed. Proceedings will resume, and the stay will be lifted, when counsel files an Amended Motion for Compassionate Release on Defendant's behalf or adopts Defendant's previously-filed Motion (by notifying the Court and filing a motion to lift the stay), a Stipulation to Reduction of Sentence is filed, or the Court grants counsel's motion to withdraw from Defendant's case. The Court notifies the parties that, if one of these events has not occurred by **May 18, 2021**, the Court will lift the stay and enter a briefing order. The Court will extend the stay only upon motion from Defendant's counsel that is supported by good cause.

### III.

Requests for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A)(i). That section prevents a court from modifying a sentence until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The exhaustion requirement is not jurisdictional and can be waived by the government, but the Court cannot waive it if the government properly objects. *See United States v. Sanford*, __ F.3d __, No. 20-2445, 2020 WL 236622, at *3 (7th Cir. Jan. 25, 2021) (citing *United States v. Gunn*, 980 F.3d 1178, 1181 (7th Cir. 2020)). Accordingly, any Amended Motion for Compassionate Release or motion to lift stay and adoption of Defendant's previously-filed Motion filed consistent with Part II of this Entry must be supported by evidence[1] that Defendant did not file the currently-pending Motion for Compassionate Release until after Defendant exhausted administrative remedies or until after 30 days had passed since Defendant's Warden received Defendant's request for compassionate release, whichever is earlier. Alternatively, Defendant's counsel may confer with the United States and submit a statement certifying that the United States agrees that Defendant has exhausted administrative remedies or that the United States will waive the exhaustion requirement in this case.

If Defendant filed the currently-pending Motion for Compassionate Release too soon and the United States objects on exhaustion grounds, the Court will deny the currently-pending Motion for Compassionate Release without prejudice, *see Sanford*, __ F.3d __, 2020 WL 236622, at *3, unless counsel withdraws the original pro se motion and files a Renewed Motion for

---

[1] Examples of evidence that can be used to fulfill this requirement include: a document showing the warden's receipt of Defendant's administrative request for relief, a denial from the warden, or a declaration under penalty of perjury stating when Defendant made the request for compassionate release, the contents of the request, and how it was transmitted to the warden.

Compassionate Release after the requisites set forth in § 3582(c)(1)(A) have occurred. Appointed counsel's representation shall continue until Defendant's Motion for Compassionate Release is resolved on the merits or counsel is given permission to withdraw.

**SO ORDERED.**

Date: 2/17/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

**Distribution:**

All Electronically Registered Counsel