UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:08-cr-14-JPH-CMM-08 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JEREMIAH CORBIN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ DENIED.

☒ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

**SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:08-cr-00014-JPH-CMM |
| ) | |
| JEREMIAH CORBIN, ) -08 | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Jeremiah Corbin, has filed his motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 754. Mr. Corbin seeks an order reducing his sentence to time served. Dkt. 66. For the reasons explained below, his motion, dkt. [754], is **DENIED WITHOUT PREJUDICE**.

### I.    Background

In 2010, Mr. Corbin was sentenced to a total of 262 months of imprisonment and 10 years of supervised release after he pled guilty to one count of conspiracy to distribute in excess of 500 grams of methamphetamine (mixture), in violation of 18 U.S.C. §§ 841(a)(1), 846, and 851(a)(1); and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922 (g)(1). Dkt. 541.

In late 2020, Mr. Corbin filed an administrative request with his warden. Dkt. 772-2 at 1. In the submission, he requested compassionate release based on the risk he faced from the COVID-19 pandemic, contending that it constituted an extraordinary and compelling reason for his release. *Id.* He also checked a box indicating that his request was based on a "Terminal Medical Condition." *Id.* Later that month, his warden denied his request. *Id.* at 2.

Soon after, Mr. Corbin filed a pro se motion that the Court construed as a motion for compassionate release under § 3582(c)(1)(A). Dkt. 754. Again, he argued that the Court should release him because the risk he faced from the COVID-19 pandemic amounted to an extraordinary and compelling reason for his release. *Id.* He also contended that, if he were sentenced today, he would likely receive a lower sentence because he would be subjected to a lower guidelines range and because he would not be subject to a sentencing enhancement under 21 U.S.C. § 851. *Id.* The Court appointed counsel to represent him, and counsel appeared on his behalf. Dkts. 756, 760.

Appointed counsel filed a memorandum in support of Mr. Corbin's motion for compassionate release. Dkt. 772. In the memorandum, counsel did not argue that the COVID-19 pandemic constituted an extraordinary and compelling reason to release Mr. Corbin. *Id.* Instead, counsel argued only that Mr. Corbin had shown extraordinary and compelling reasons for release because he would likely receive a much lower sentence if sentenced today. *Id.* Counsel did not incorporate Mr. Corbin's pro se motion into the supporting memorandum. *Id.* In response, the United States argued, in relevant part, that Mr. Corbin's motion must be denied because he had not exhausted his administrative remedies, noting that Mr. Corbin's administrative request was based on COVID-19 risk, not the disparity between the sentence he received and the one he would receive today. Dkt. 775. The time for filing a reply has passed and, as of the writing of this Order, no reply has been filed.

## II.   Discussion

Mr. Corbin seeks release based on "extraordinary and compelling reasons," as set forth in § 3582(c)(1)(A)(i). That section provides that the court,

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

>imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i). The exhaustion requirement of § 3582(c)(1)(A) is a mandatory claim-processing rule that "*must* be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). The Seventh Circuit has held that § 3582(c)(1)(A) requires issue exhaustion—that is, a defendant cannot exhaust administrative remedies on one ground and then file suit in court on an unrelated ground. *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021) ("Thus, because [the defendant] never asked the [Bureau of Prisons] to move the district court for his release based on the presence of COVID-19 at his prison and his risk of infection, his counsel could not properly file a motion for compassionate release on that basis.").

The United States has filed a document affirmatively invoking the defense of exhaustion of administrative remedies. Dkt. 775. Specifically, the United States argues that Mr. Corbin never presented his warden with his argument that he could show extraordinary and compelling reasons warranting release because he would face a shorter sentence if he were sentenced today. *Id.* Mr. Corbin did not file a reply to explain how his administrative request satisfied the requirement that he exhaust his sentencing-disparity argument.

The United States' exhaustion objection is well-taken. In his administrative request, Mr. Corbin mentioned only a terminal medical condition and COVID-19 risk. He did not raise the sentencing-disparity issue that he later raised in this Court, both in his pro se motion and counsel's supporting memorandum.[1] Thus, under the holding of *Williams*, he has not properly exhausted his administrative remedies, and his motion must be denied.

---

[1] The Court acknowledges that Mr. Corbin argued in his pro se motion that COVID-19 risk presented another extraordinary and compelling reason for his release. Dkt. 754. Counsel did not, however, renew that argument in her supporting memorandum or file a reply brief arguing that Mr. Corbin had, in fact, exhausted his administrative remedies because he was still relying on COVID-19 risk in his current

4

### III. Conclusion

Accordingly, Defendant's motion for compassionate release, dkt. [754], is **denied without prejudice** for failure to exhaust administrative remedies. As stated in the Court's Order of February 17, 2021 (dkt. 761 at 3), appointed counsel's representation shall continue until Mr. Corbin's request for compassionate release is resolved on the merits or counsel is given permission to withdraw.

**SO ORDERED.**

Date: 7/19/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

**Distribution:**

All Electronically Registered Counsel

---

motion. Accordingly, the Court does not address Mr. Corbin's argument in his pro se motion that COVID-19 risk presents an extraordinary and compelling reason for his release. *See Williams*, 987 F.3d at 704 ("[I]n appointing counsel for [the defendant] (a decision that [he] did not oppose), the district court did not abuse its discretion. At that point, the court was entitled to limit its consideration to the arguments counsel presented.").