UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:08-cr-14-JPH-CMM-08 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JEREMIAH CORBIN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:08-cr-00014-JPH-CMM |
| | ) | |
| JEREMIAH CORBIN, | ) | -08 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Jeremiah Corbin seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Corbin's motion is **denied**.

## I.    Background

In 2010, Mr. Corbin was sentenced to a total of 262 months of imprisonment and 10 years of supervised release after he pled guilty to one count of conspiracy to distribute in excess of 500 grams of methamphetamine (mixture), in violation of 18 U.S.C. §§ 841(a)(1), 846, and 851(a)(1); and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922 (g)(1). Dkt. 541.

Mr. Corbin filed his motion for compassionate release pro se. Dkt. 796. In his submission, Mr. Corbin argues that he establishes extraordinary and compelling reasons for compassionate release because he is concerned about contracting COVID-19. Dkt. 796. Mr. Corbin also argues that if sentenced today, he would likely receive a lower sentence. Specifically, he argues that, due to subsequent caselaw and statutory changes, including *United States v. De La Torre*, 940 F.3d 938 (7th Cir. 2019), his prior convictions would no longer qualify to enhance his sentence under the guidelines and 21 U.S.C. § 841. Dkts. 796, 805. Additionally, he contends that, even if his

convictions qualified to enhance his sentence, the mandatory minimums under § 841 have since been reduced. The United States filed a brief in opposition, dkt. 804, and Mr. Corbin filed a reply, dkt. 805. Thus, the motion is now ripe.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Corbin's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical condition[1]—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people

---

[1] The Court is aware of Mr. Corbin's hepatitis C diagnosis from the briefing on his first motion for compassionate release that the Court denied in July 2021. Dkt. 772. He does not meaningfully raise hepatitis C in his current motion as a stand-alone extraordinary and compelling reason for release; it is only mentioned in the administrative remedy that he submitted to the warden of the prison that is attached as exhibit to the motion. Dkt. 796-1. Thus, the Court considers Mr. Corbin to have waived any argument that his hepatitis C is—by itself—an extraordinary and compelling reason to release him.

living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Corbin is fully vaccinated, dkt. 796 at 6, and he has presented no evidence that he is unable to receive or benefit from the vaccine.[2] Additionally, Mr. Corbin "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). The BOP also reports that, as of September 28, 2022, no inmates and only 4 staff members at Corbin's current facility (USP Lee) have active cases of COVID-19. https://www.bop.gov/coronavirus/ (last visited Sept. 29, 2022). For these reasons, Mr. Corbin has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

---

[2] Mr. Corbin raises concerns about vaccinated individuals still being susceptible to contracting COVID-19 due to breakthrough infections. Dkt. 796 at 7. While it may be true that vaccinated individuals are nevertheless contracting COVID-19 due to variants such as Omicron, the vaccines still provide significant protection against severe illness, which is the Court's focus in a compassionate release motion. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Sept. 26, 2022) ("COVID-19 vaccines used in the United States continue to protect against severe disease, hospitalization, and death from known circulating variants. They may not be as effective in preventing *infection* from these variants") (emphasis added). To the extent Mr. Corbin argues that he should receive a booster shot, the BOP reports that inmates have been offered booster shots in accordance with CDC guidance, *see* https://www.bop.gov/coronavirus/ (last visited Sept. 29, 2022), and there is nothing in the record to suggest that Mr. Corbin has requested a booster and been denied.

Mr. Corbin also contends that the sentencing disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him. Seventh Circuit precedent holds to the contrary. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *see also United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release."); *United States v. Herbert*, No. 21-3321, 2022 WL 1791964, at *2 (7th Cir. June 2, 2022) (non-retroactive changes to the guidelines are not grounds for compassionate release); *United States v. Watts*, No. 21-2867, 2022 WL 2208517, at *1 (7th Cir. June 21, 2022) (The court "lacks discretion under § 3582(c)(1)(A)(i) to reduce a statutory-minimum sentence asserted to be unfairly long. The appropriate path for prisoners to contest the length of their sentences is set forth in 28 U.S.C. § 2255") (cleaned up); *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021) ("a claim of errors in the original sentencing is not itself an extraordinary and compelling reason for release"). But Mr. Corbin claims that such precedent was recently overruled by the United States Supreme Court in *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022), which held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." Dkt. 805. Thus, he invites the Court to find an extraordinary and compelling reason for a sentence reduction based on the fact that he would likely receive a shorter sentence if sentenced today.

Mr. Corbin's argument is not well-taken. *Concepcion* addressed a different portion of the First Step Act—§ 404, which allows a district court to resentence a defendant in certain situations.

It has no bearing on Mr. Corbin's motion, which falls under § 603 of the Act. As recently explained by the Seventh Circuit in a binding opinion:

> That the First Step Act did multiple things—lowering sentences for some cocaine cases, enabling prisoners to seek compassionate release on their own motions, and more—does not mean that every decision about any aspect of the First Step Act applies to every potential question under that statute. The First Step Act did not create or modify the "extraordinary and compelling reasons" threshold for eligibility; it just added prisoners to the list of persons who may file motions. We take the Supreme Court at its word that *Concepcion* is about matters that district judges may consider when they resentence defendants. So understood, *Concepcion* is irrelevant to the threshold question whether any given prisoner has established an "extraordinary and compelling reason for release."

*United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022). As a result, the Seventh Circuit reiterated that "[t]here's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal of collateral review under 28 U.S.C. § 2255." *Id.* at 594. Thus, under controlling Seventh Circuit precedent, Mr. Corbin cannot establish extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A) based on changes in caselaw or his statute of conviction, even if those changes mean that Mr. Corbin might receive a shorter sentence if he were sentenced today.

Given the determination that Mr. Corbin has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

## III. Conclusion

For the reasons stated above, Mr. Corbin's motion for compassionate release, dkt. [796], is **denied.**

**SO ORDERED.**

Date: 10/6/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Jeremiah Corbin
Reg. No. 09126-028
USP Lee
U.S. Penitentiary
P.O. Box 305
Jonesville, VA  24263